NEW-YORK,
Nov. 1806.

Manny
v.
Harris.

*To make a record in a former suit conclusive evidence on any point, it should appear from the record that such point was in issue. Other evidence cannot be received to show that a particular matter not in issue on the record came in question, or was taken into consideration by the jury. A tender on a bond with a penalty, does not bar the action on such bond.*

[ * 25 ]

## Manny *against* Harris.

THIS was an action of *debt* on a bond; the cause was tried, at the circuit, in the county of *Saratoga*, on the 28th of *April*, before Mr. Chief Justice *Kent*. The bond was dated the 25th of *May*, 1800, and recited, that whereas Harris, by virtue of an agreement made with *Manny*, was in possession of 112 acres of land, situated, &c. which lot was leased to *Manny* by *Dirrick*, *Lefferts*, of the city of *New-York*, deceased, with a reservation of a yearly rent of 10*l*. 3*s*. 10*d*. and the lease contained a covenant, that if, at the expiration thereof, *Manny*, his heirs or assigns, should pay the lessor 145*l*. 12*s*. that then the lessor would convey the land to *Manny*, by a sufficient warranty deed. The *condition* of the bond was, that if *Harris* [*]paid *Manny* the yearly rent specified in the lease according to the conditions thereof, and also the sum of 145*l*. 12*s*. by the 1st day of *September*, 1802, then the bond was to be void. The defendant pleaded *non est factum*; and gave notice of a set-off; and that he should offer in evidence under that plea, that, at the trial of a cause between him and the plaintiff, before the commencement of the present suit, at the *Saratoga* circuit, in which *Harris* was plaintiff, the said bond and the monies due thereon were necessarily drawn in question, and that the jurors in the said cause, took into consideration, in making up their verdict, and did allow and deduct from the demand of *Harris*, all the monies due, or now claimed by *Manny* on the said bond; and further, that the said bond was given on the condition, that *Manny* should procure by the first day of *October*, 1802, a good and sufficient deed of the said land to *Harris*, from the representatives of *Lefferts*; but that no such deed had been procured by *Manny*; and further, that on the 28th of *May*, 1801, the defendant paid to the plain-

tiff, at *Albany*, the interest due on 145*l.* 12*s.* being
dollars and fifty cents, and that on the 26th of *May*,
1802, before the commencement of the suit, he tender-
ed, and offered to pay to the plaintiff, $25 50 cts. further
interest on the said sum, which the plaintiff refused;
and that on the 1st of *September*, 1802, the defendant
tendered and offered to pay the plaintiff the said sum of
145*l.* 12*s.* aud also $6 88 cts, interest, according to the
condition of the bond, which the defendant refused to
accept.

The defendant proved, that on the 6th of *May*, 1802,
he went to the plaintiff's house, and was informed by the
family, that the plaintiff was gone to *New-York;* that
after waiting some time, and counting out the sum of
10*l.* 3*s.* 10*d.* due on the bond, he went away, finding no
person ready to receive the money. He also proved,
that on the first of *September*, 1802, he tendered to the
plaintiff, the sum of [*]145*l.* 12*s.* and the interest which
the plaintiff refused, saying, the defendant should not
have the land, as a Mr. *Barton* had got it. The de-
fendant then offered in evidence, the record of the for-
mer suit of *Harris* against *Manny*, and one of the jurors
on that trial as a witness, that the monies claimed by
the plaintiff had been allowed in that suit. This evi-
dence was objected to, on the part of the plaintiff, but
admitted by the judge. It appeared from this record,
that the suit was on a bond, dated the 26th of *May*,
1800, from *Manny* to *Harris*, in the penal sum of $2,500
with a condition, that if *Manny* should procure a good
and sufficient deed to *Harris*, from the representatives of
*Lefferts*, for the lot of land above mentioned, on or be-
fore the 1st of *October*, 1802, provided *Harris* paid the
sum of 145*l.* 12*s.* with interest annually, before the 1st
of *September*, 1802, then the bond to be void, &c. *Man-
ny* pleaded that *Harris* did not pay, &c. *Harris* replied,

[ * 26 ]

that he paid *Manny* one year's interest, and tendere d him the principal with the interest due, *according to the* condition of the bond, which *Manny* refused, in the man - ner above stated.    To this *replication* there was a *re-joinder* and issue.

One of the jurors on the former trial, being sworn as witness, testified that the jury, in making up their ver- dict in that cause, allowed the present plaintiff all the money he now claims in the present suit.    The verdict, in the former suit, was for $662 50 cts. for which judg- ment *was rendered, and the execution thereon satisfied.*

On the trial of this suit, the plaintiff proved, that his brother was his authorised agent to transact his busi- ness ; and had the custody of his papers, and the bond in question, and was at his house the day the defendant came there ; but that no money was tendered to him by the defendant ; and that prior to the commencement of this suit, a demand of money had been made of the de- fendant, who refused, alleging that the amount had been allowed to the plaintiff [*]in the former suit.    The jury found a verdict for the defendant.

[ * 27 ]

A motion was now made to set aside the verdict.  1st. Because the record of the trial in the former suit, and the evidence of the juror, were *improperly admitted.* 2d. Because the tender of the interest, on the 26th ·of *May*, 1802, and the tender of the same on the second of *September*, 1802, were not sufficiently proved.  3d. That the subsequent demand and refusal entitled the plaintiff to recover, notwithstanding the tender.

*Hildreth*, for the Plaintiff.    The point put in issue by the pleadings in the former suit was the tender.    There was no pretence of a set-off, nor had the jury any right to take a set-off into consideration.    In the case of *Sint- zenick* v. *Lucas** Lord *Kenyon* observed, " that in or- der to make a record evidence to conclude any matter, it should appear that the matter was in issue, which

*1 *Espinasse's* Cases, 43.

should appear from the record itself; nor should evidence be admitted, that under such a record, any particular matter came in question." Here the payment or set-off was not in issue, and the record could conclude nothing on that point. The juror, therefore, ought not to have been admitted to testify, what was taken into consideration by the jury. The only measure of the damages, was the value of the lands covenanted to be conveyed. It is true that *nemo debet bis vexari ;* but then it must be for the same cause of action,† or the same point in issue. The tender on the 26th of May, 1802, was not made according to law. *Harris* should have staid at the plaintiff's house until sun-set,‡ but he went away about noon. A tender does not disharge the debt.§ Besides, it ought to have been as fully proved, as on a plea of tender. The defendant should have shown not only that he was then ready, but was now ready to pay the money, which should be brought into court.¶ If the money be not brought into court, the plaintiff is entitled to sign judgment.

*Henry* for the defendant. The measure of damages [*] was, no doubt estimated according to the value of the land, and allowing for the money paid. The general rule, as to tender, is not questioned. But if it be shown that, by the plaintiff's default, it was impossible to make the tender, the defendant is excused. The plaintiff ought to have been at home on the day of payment.

Where the same subject matter has been once tried, it cannot be again litigated. The bond here relates to the same subject matter. The tender is made out by the default of the plaintiff, to get rid of the penaly, or by the finding of the jury. The remedy on the penalty of the bond is then gone, though the debt exists, to recover which, the plaintiff should have resorted to a different action. The plea of *tout temps prist* with *uncore prist,* regards only the

NEW-YORK, Nov. 1806.

Manny v. Harris.

† 3 *Wilson,* 304, *Kitchen* v. *Campbell.* T. *Raym.* 472.

‡ 6 *Bac. Ab* 453, 5th edition.

§ 6 *Bac. Ab.* 457 *Plowden,* 172, 173.

¶ 6 *Bac. Ab,* 490, 464.

[ * 28 ]

NEW-YORK, debt, not the penalty or forfeiture, it is only necessary to
Nov. 1806.
show a performance of the *condition*, or, what is tanta-
Manny          mount to a performance, a tender and refusal.   A tender
v.
Harris.        to a bond with a penalty is in bar of the action.*

But a more substantial ground of defence is, that the
*3 *Term*,683.
*Douglas and* plaintiff had already recieved what he is attempting to
*others* v. *Pat-* recover by the suit.   The jury, in assessing the dama-
*rick.* 1 *Espi-*
*nasse's  Cases,* ges in the former suit, deducted the consideration money
449.   5  *Co-* from the value of the land, and  gave  a  verdict for the
*myns*,  649.
*Pleader*,2 *W.* residue.   This must be intended  from the record ; and
28.   *Carthew*, the fact is proved by the evidence of the  juror.   In the
133.
present action, there is a plea of set off for so much mo-
ney paid to the  plaintiff's use.   Now, if the jury in the
former suit did make  a  deduction  of the consideration
money, it must be considered as so much money had and
recieved to the use of the plaintiff.   If a court of equity
would interfere to prevent the plaintiff from proceeding
to recover this money  a second time, there  is no reason
*4 Caines' Ca-* why this Court should allow  him  to  recover it again in
*ses in Error,* this action.   In the case of *Bedient* v. *Church*,† though
21.
no set-off was pleaded, the court of errors decided that
the amount of sales  might be deducted, and that the
residue was the proper measure of damages.

[ 29 ]       [*] *Van  Vechten*, in reply.  We are not to intend,
that the jury in the  former suit took into consideration
what was not in  issue before them, or  competently pro-
ved.   The plea of tender  presumes, that there was no
payment, for if the  money was paid, why plead tender ?
*Tender* was the only point in the pleadings.   The tender
did not save the penalty of the other bond; its only ef-
fect was to give the defendant a  remedy on the contract
for the conveyance of  the land.   A mere naked tender
will never destroy the  remedy on the penalty of a bond.
The jury, therefore, had no right to consider the payment,
or to take the money into their calculation.   The only

rule for them was, the value of the lånd to be conveyed. The court cannot intend that the jury did more than they were authorised to do, by the pleadings in the cause.

SPENCER, J. delivered the opinion of the court.

To defeat the plaintiff's recovery, the defendant's counsel rely on two points.

1. That on the trial of the suit in which *Harris* was plaintiff, ·and *Manny* defendant, the jury allowed the money claimed in the action.

2. That the defendant, having once tendered the principal and interest due on .the bond now in suit, the plaintiff's remedy to maintain an action for the penalty is gone, notwithstanding the plaintiff, after the tender, and before the institution of the suit, demanded the money tendered.

The only point in issue, in the former suit, was whether *Harris* had, or had not, paid and tendered the monies due, to entitle him to a deed for the land contracted to be sold. That point was decided by the jury in favor of *Harris*, and they gave him a verdict for $662, 50 cts. as damages for not making the conveyance. It is, therefore, only necessary to inquire, whether that issue warranted the giving the present bond in evidence, so that the jury might allow it to the plaintiff; for if the issue did not embrace the consideration of the present cause of action, [*]evidence ought not to have been received that the jury did decide upon it. This principle is not only a plain dictate of common sense, but has frequently been recognised. In the case of *Sintzenick* v. *Lucas*,* Lord *Kenyon* lays it down, that to make a record evidence, to conclude any matter, it should appear that the matter was in issue, which should appear from the record itself; nor should evidence be admitted, that under such a record, any particular matter came in issue. In the case of *Kitchen* and others v. *Campbell*,† Lord

[ * 30 ]

* 1 *Esp. Rep.* 43.

† 3 *Wil.* 308.

NEW-YORK,
Nov. 1806.

Manny
v.
Harris.

*Hardwicke* says, it is the test to know, whether a final determination, in a former action, is a bar or not, to a subsequent one, where the same evidence will support both the actions." It does not appear from the record, that the former issue, in any shape, comprehended this cause of action, and consequently the proof admitted at the time was improper.

There is no analogy between this case, and that of *Church* v. *Bedient* ;‡ there, the assured went for a total loss, holding in his hands the proceeds of the very subject insured nearly equivalent to the loss claimed. Though the court of errors did not decide, that the proceeds without any notice of set-off, ought to go in diminution of the recovery, yet I think it ought to be so. In this case, there are two distinct bonds ; one for the absolute payment of a sum of money by the defendant, the other for the conveyance of a tract of land, on the payment of the money ; and the remedy on a breach of either of the conditions was distinct also.

Caines' Cases in Error, 21.

The second point is attended with no difficulty. There is a *dictum* in *Carthew*, 133, that if tender be on a bond, with a penalty, the plea is in bar of the action. The only possible reason for this was, that the penalty, on a forfeiture of the condition, became the debt, and might be recovered. At present it is not so considered, and on payment of the sum, in the condition, the court will order satisfaction. The reason having ceased, the law must cease with it. I doubt, however, whether this was the law, that a [*] tender in case of a penal obligation took away the remedy on the obligation. A case in 2 *Rolles, Abr.* 524,* has a different aspect. It appears by the present case, that prior to the commencement of this suit, the plaintiff demanded the money, which was not paid. Though there had been a previous legal tender, so as even to bar a suit on the penalty, this, I think, revived the remedy. The court are therefore of opinion,

[ *31 ]

* 6 Bac. Ab. 457.

that a new trial ought to be awarded, with costs to abide the event of the suit.

New trial granted.