THE PEOPLE, *ex rel.* Thomas Reilly, and THOMAS REILLY, plaintiffs in error, *vs.* FREDERICK JOHNSON and JAMES D. McMANN, defendants in error.

A judgment concludes the parties thereto only as to the grounds covered by it, and the facts necessary to uphold it. In order to make a record evidence to conclude any matter, it should appear that that matter was in issue.

An action was brought in the superior court of New York, by R., against C., J. and M., the object of which was to have a deed, given to C. and J., declared to be a mortgage only to secure the repayment to them of the sum of $5600 advanced by them, with interest; and the only question in issue was whether the deed was held by J. and C. as a mortgage. The decree of the superior court, dismissing the suit, only adjudged the fact that they did not hold the deed as a mortgage, and that R. was not entitled to a decree declaring the deed a mortgage to secure the payment of $5600. *Held* that the fact whether R. was or was not the *tenant* of J. and C. not being in issue in that suit, and the fact being wholly immaterial to support the judgment given, the record was not evidence to establish the fact, in summary proceedings instituted in this court by J. and M. as landlords, against R. as their tenant, to remove him from the possession of certain premises.

THIS matter comes before the court upon a statutory *certiorari*, to review the proceedings before the justice of the district court in the city of New York for the 7th judicial district, instituted to recover summary possession, under the statute relative to landlord and tenant, of the premises known as Hermitage Hall, situated on the southwesterly corner of Houston and Allen streets, in that city. The landlords are the defendants in error, Johnson and McMann, and the tenant is the plaintiff in error, Reilly. The premises are particularly described in the return in the affidavit of Johnson, one of the landlords. By that affidavit the tenant was charged with holding over and continuing in possession of the premises in question, without the permission of his landlords, after the expiration of his term. The demise originally is laid to have been for the term of six months from March 22, 1859, expiring in the following September, and extended or renewed for three months from that time, so as to have expired December 22, 1859. One Charles G. Cornell, with Johnson,

was the owner of the premises at the time of, and during these lettings, and down to January 4, 1860, when he conveyed to McMann, one of the defendants in error. The application was made to the justice, on this affidavit, on March 1, 1861, who issued a summons to the tenant returnable on the same day. On the return of the summons the tenant filed an affidavit denying (in substance) that he made any agreement to hire the premises of the alleged landlords, or that he was their tenant, or that he had ever made any agreement to hire the premises with Cornell and Johnson, before the deed to Mc-Mann. He then alleged that he was in possession of the premises, claiming title thereto as the owner in fee, and had so possessed the same for three years last past. He then set forth that on December 24, 1860, the landlords, on the affidavit of James L. Berrien, had instituted a similar proceeding before Justice Stewart of the first judicial district, claiming that they had rented the premises to him for one month, from February 22, 1860, and that he held over after the expiration of that term without their consent; upon which proceeding a verdict and judgment had passed in his favor, which he urged as a bar to the proceedings in question. He then set forth that on January 18, 1861, a similar proceeding had been instituted by the landlords, before Justice Maynard of the marine court, charging a demise for three months from September 22, 1859; that after that term he (Reilly) had occupied as tenant from month to month; that the term had expired, and that he held over without their permission; which proceeding was tried before a jury, and a judgment given in his (Reilly's) favor, upon the ground that he had made an agreement with Cornell and Johnson to purchase the premises. From the return it appeared that the landlords' proof on the trial was the judgment record, in an action brought by Reilly against Cornell, Johnson and McMann, in the superior court of the city of New York, which record was filed in the office of the clerk of that court, December 8, 1860. It was admitted that Reilly, Johnson and McMann,

mentioned in the said judgment record, were the same parties named in this proceeding, and that the premises mentioned in the said record were the same premises described in the summons issued in this matter. The attorneys for the landlords then offered the said judgment record, with the findings of the court, in evidence before the jury to prove and establish the facts set up in the affidavit of the said landlords. The attorney for the tenant objected to the admission of said judgment record in evidence, and insisted that it was not evidence of any facts which should be allowed to be given to the jury. The justice overruled the objections and allowed the said record to be read in evidence, to which ruling the attorney for the defendant excepted. From that record it appeared that the action in the superior court was commenced March 21, 1860, and the story of the complaint is briefly this : That Reilly became the owner of the premises in question about May 6, 1857 ; that he had been in possession of them ever since ; that he had executed divers mortgages upon them to divers parties ; that one of these parties commenced a foreclosure action, making the other mortgagees parties ; that a judgment of sale was ordered, and the premises advertised to be sold ; that prior to the sale he had set about procuring some friend to bid the property off for his benefit ; that he had been an invalid, confined to his house, during the period embraced in the notice of sale ; that prior to the sale he had called upon one of the attorneys for the plaintiff in the foreclosure, who had agreed to buy the property for his benefit, and to convey it to his nominee on payment of the judgment, costs and referee's fees ; that the said attorney did buy the property under that arrangement ; that Cornell and Johnson agreed to advance the requisite sum to carry out the arrangement made with the attorney ; that before the attorney would convey to them he extorted a bonus of $1400 ; that Cornell and Johnson took the deed, holding it to secure them for the amount of their advance, by their understanding with him, Reilly ; that Cornell had made a fraudulent

transfer of one half interest in the property to McMann ; that the three defendants asserted title in fee to the premises ; that they were at most mere mortgagees ; that the amount of the advance made to take up the deed had been tendered to them, which they had refused to receive ; that they were then seeking to obtain possession of the property as owners, with a view of leasing a portion of it to the corporation of the city of New York. The complaint prayed judgment that the deed to Cornell and Johnson be declared to be a mortgage for the repayment of their advance ; that the defendants be required to cancel their interests as mortgagees, and to reconvey the property on payment of the advance ; and that they be perpetually enjoined from asserting any other than a mortgage interest in the property. The answer of the defendants denied throughout the material allegations of the complaint. Cornell and Johnson, in their answer, alleged that they took the deed of the property absolutely as purchasers, untrammeled by any agreement with Reilly of any description, and that afterwards they verbally consented to allow Reilly to purchase the property from them, at an advance of $500, at any time within six months from March 22, 1859, which he had wholly failed to do. That afterwards the period was extended three months on the terms stated in the answers, one of which was that Reilly should pay an additional rent of $33 a month for the property, which rent he paid for the three months from September 22 to December 22, 1859. That for the first six months he was to pay rent equal to the interest upon the advance made by Cornell and Johnson, and for the last three months the same amount of rent with the additional sum of $33. In other words, the answers asserted that as soon as Cornell and Johnson took their deed, from that very moment Reilly became their tenant, subject to the payment of rent to be computed upon the basis stated in the answers. The findings of the court in this superior court action sustained the ground of Cornell, Johnson and McMann, and particularly as to the absoluteness of the deed to Cornell

and Johnson; as to their having purchased the property in their own right; and as to Reilly having thereafter become their tenant on the usual conditions of paying rent; and that there was no other agreement for the occupancy of the premises by Reilly, than that he was to be tenant, and they his landlords. Reilly (the tenant) called Judge Stewart of the first district court, who produced the proceedings before him referred to in Reilly's affidavit. The first set of proceedings was dismissed on the filing of the tenant's affidavit. The second set of proceedings resulted in favor of the tenant. The verdict is thus recorded : " The jury find that the within described premises were not rented for the term of one month from 22d day of February, 1860, *and that the term has not expired.*" Judge Maynard, of the marine court, was next called by the tenant. He produced the proceedings before him, and testified that he dismissed them because the landlords had not made out their case, and that no verdict was rendered by the jury. The ground of claim before him was that the tenant held over after the expiration of a tenancy from month to month, beginning with the termination of a term for three months, which ended December 22, 1859. Reilly, the tenant, next took the stand and denied any tenancy, or any payment of rent; alleging that what he had paid was interest upon an advance of money by Cornell and Johnson. He stated, on cross-examination, that, on the trial of the superior court action, he swore to the same facts (and no other) which he had sworn to before the justice. On these facts that court found against him. The issue was then given to the jury, who found that the landlords were entitled to the possession of the premises, by reason of the expiration of the tenant's term therein. And judgment was thereupon entered by the justice, in favor of the landlords, upon which a warrant was issued and Reilly was dispossessed, and Johnson and McMann were put in possession of the premises.

*E. W. Dodge,* for the plaintiffs in error.

*John Graham,* for the defendants in error.

*By the Court,* MASON, J.    It seems to me very clear, in this case, that the court below erred in allowing this record in the suit in the superior court, between Reilly and these defendants and Cornell, to be given in evidence to establish the fact that the conventional relation of landlord and tenant existed between these parties.    The object of that suit was to have the deed given to Cornell and Johnson declared to be a mortgage only to secure the repayment to them of the principal sum of $5600 advanced by them to Mr. Shea, and the interest thereon; and the only question really in issue in that suit, so far as these parties were concerned, was whether the deed held by Johnson and Cornell was held by them as a mortgage to secure the payment of the said sum.    The decree of the superior court dismissing the suit and complaint only adjudged the fact that they did not hold the deed as a mortgage, and that Reilly was not entitled to a decree declaring that deed a mortgage to secure the payment of $5600.    The issue in that suit in no sense raised the question whether Reilly was or was not the tenant of Cornell and Johnson, and consequently the judgment record in that case could not be evidence of the fact.

It is only necessary to state a few familiar principles of law to show that this must be so.    It is a familiar rule of law that facts found by a former decree, which are not necessary to uphold the decree, do not conclude the parties. (*Coit* v. *Tracy,* 8 *Conn. R.* 268, 276.    2 *Cowen & Hill's Notes,* 917, *and cases there cited.*)    And though a decree in express terms profess to affirm a fact, if such fact was immaterial in the case, the decree will not conclude the parties as to such fact. (2 *Day's Rep.* 138.    8 *Conn. R.* 268.)    A judgment concludes the parties only as to the grounds covered by it and the facts necessary to uphold it.    (2 *Cowen & Hill's Notes,* 826.)    In

order to make a record evidence to conclude any matter, it should appear that that matter was in issue. (*Manning* v. *Harris*, 2 *John.* 24. *Jackson* v. *Wood*, 3 *Wend.* 27. 1 *Esp. C.* 43. 4 *Conn. R.* 276. 4 *Day's R.* 274, 431.) The fact whether Reilly was or was not the tenant of Johnson and Cornell not being in issue in that suit, and the fact being wholly immaterial to support the judgment given in that case, the record is not evidence to establish the fact. That this fact, although found by the judge as a fact in his findings, was wholly immaterial, and that the judgment given in that case did not in the least rest upon that, is most manifest from the pleadings in the case and the judgment itself.

The relief which the plaintiff Reilly demanded, in his complaint in that suit, was that the said deed to Cornell and Johnson might be declared to be a mortgage and stand as security for $5600, and that they be enjoined from asserting any other or different title to the said premises under said deed, &c. It follows, therefore, that the court below erred in allowing this record to be put in evidence to establish the relation of landlord and tenant between these parties. The court also erred in submitting this record to the jury; and in submitting it as a question for the jury whether this record did or did not show that Reilly was the tenant of Johnson and Cornell. The jury must have found the fact from this record alone; for there is no other evidence in the case from which they could find it.

I advise the reversal of the proceedings in the court below, with costs to be taxed.

Proceedings in the court below reversed, with costs.

[NEW YORK GENERAL TERM, February 3, 1862. *Mason, Leonard* and *Clerke,* Justices.]