THE PEOPLE ex rel. THOMAS REILLY, Respondents, *v.* FREDERICK JOHNSON and Others, Appellants.

*Evidence—Summary Proceedings—Tenancy—Judgment Record in another Suit.*

Upon the question of the tenancy of the Defendant in a summary action to dispossess him, it is incompetent to introduce a judgment record in which the question of tenancy was not in issue, but was merely incidental or collateral, and was not necessarily decided by the judgment.

On the 28th day of February, 1861, the Appellants presented to C. W. Van Voorhis, the Justice of the Seventh District Court of the city of New York, the affidavit of Frederick Johnson, one of the Appellants, and thereupon demanded process to remove the Relator, Thomas Reilly, from the premises known as Hermitage Hall, in the city of New York, upon the ground that said Reilly was a tenant of the said Appellants, and was holding over after the expiration of his term, without the leave of his landlords.

On the 1st day of March, 1861, the Justice issued a summons against Reilly, requiring him to remove from said premises, or to show cause to the contrary on the same day.

On the return of such summons, Reilly interposed a counter-affidavit, and demanded a jury trial.

The cause came on for trial on the 8th day of March, 1861, and was tried on that day, and the result was a verdict in favor of the landlords, upon which a warrant was issued, and Reilly was dispossessed, and Johnson and McMann were put in possession of Hermitage Hall.

From the judgment entered upon this verdict, a certiorari was issued out of the Supreme Court, and the judgment of the District Court was there reversed, and restitution ordered; and from such judgment of the Supreme Court an appeal is taken to this Court.

*L. B. Pert* for Appellants.

*E. W. Dodge* for Respondents.

BACON, J.—There is but a single question in this case, and that arises upon a ruling made by the magistrate before whom the proceeding was taken to oust the Relator from the premises of which, it was alleged, he was a tenant. In the affidavit which was the foundation of the proceedings before Van Voorhis, the Appellant Johnson had sworn that Reilly, the Relator, was the tenant of Johnson and Cornell (who claimed to have been the owners in fee of the premises) in March, 1859, for six months from that date ; and on the 22d of September, 1859, they had let the premises to him for a further term of three months, which expired in December, 1859, and that he was holding over without the permission of Johnson and McMann (to whom Cornell had conveyed his interest) after the expiration of his term.

On the trial the only evidence given by the Appellants, to maintain their allegation, was a judgment record in an action in the Superior Court, in which Reilly, the Relator, was Plaintiff, and Johnson, Cornell, and McMann were Defendants, and the record is set forth in full in the case. To the competency of this record to prove the issue, the counsel for Reilly duly objected, and the objection was overruled, to which an exception was taken, and the record was read in evidence, and the case was rested on the part of the landlords. After evidence had been introduced on the part of Reilly, the case was given to the jury, under a charge in which the magistrate told them, among other things, that if the jury believed that one of the issues tried and determined in the suit in the Superior Court was the question of landlord and tenant between the parties, then the parties to such suit were bound by the judgment, which was final and conclusive ; and that it was a question of fact for the jury, taking all the evidence into consideration, the judgment record, and the Defendants' testimony.

In this ruling, I think, the Court below committed a manifest error. By looking at the pleadings in the suit in the Superior Court, it is obvious that the only real question in issue between the parties was, whether the deed held by Johnson and Cornell, of the premises in question, known as Hermitage Hall, was not

in fact only a mortgage, as security for the repayment of the sum of $5,600, advanced by them to one Shea, upon the conveyance to them. This was the whole object and gravamen of the complaint in which that state of facts was alleged; and the claim of the Plaintiff was, that it should be adjudged a mortgage, and the Defendants in the suit be required to convey their interest in the premises to him, on being paid the sum for which they were held as security. In the answer all these allegations were specifically controverted, and the agreements and negotiations of the parties respecting the premises professed to be set forth, and, among other things, it was alleged that there was a tenancy of the premises for a limited period, by Reilly. But it is evident that this was a mere incidental or collateral issue, the main and vital controversy between the parties being the allegation of an equitable mortgage on the one side, and the right to redeem on the other; and deciding that question for or against the Plaintiff was deciding the whole issue. As, then, the issue in that suit did not necessarily involve the question whether Reilly was or was not the tenant of Cornell and Johnson, and was not essential to its determination, the record in that case was not, and could not be evidence of the fact; and yet this was all the evidence there was in the case before the magistrate. It is a very familiar principle that a judgment concludes the parties only as to the grounds covered by it, and the facts necessary to uphold it (Cow. & Hill's Notes, vol. 3, p. 826); and although a decree in express terms professes to affirm a particular fact, yet if such fact was immaterial, and the controversy did not turn upon it, the decree will not conclude the parties in reference to that fact (Coit *v.* Tracy, 8 Conn. 268; Manny *v.* Harris, 2 John. 24). The mere fact of the alleged tenancy is undoubtedly found by the Judge on the trial in the Superior Court; but the fact was immaterial, and the judgment did not in any respect rest upon that finding, as is most obvious from an inspection of the pleadings, the findings of the Court, and the final judgment rendered thereon. The Court below consequently erred in overruling the objection of the counsel of the Relator, and allowing the record to be put in evidence

for the purpose of establishing the relation of landlord and tenant between the parties.

There is nothing in the case from which to find any tenancy but the record in the Superior Court, and the jury must have determined it from the record, which, having been improperly received in evidence, there remained nothing in the case to uphold the verdict, which was properly reversed on the certiorari to the Supreme Court.

The judgment being thus reversed, it was almost a matter of course to award restitution of the premises to the party improperly dispossessed. If this is not made mandatory by the statute, but permissive, and depends on the exercise of discretion in the Court, that discretion was exercised, if not in the first instance by the Court, ultimately, at General Term, refusing, on a special motion, at the instance of the Appellants, to set aside the order which had been settled and entered as the order of the General Term, and confirming the judgment by which restitution was directed to be made to the Relator. Chamberlain *v.* Choles (35 N. Y. 477) is a precise authority to show that where a party has been dispossessed by a suit improperly granted, he is entitled to restitution. The judgment should, in my opinion, be in all things affirmed.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.