## WOOD *v.* KROLL *et al.*

*(Supreme Court, General Term, First Department. February 15, 1889.)*

1. MORTGAGES—FORECLOSURE—SETTING ASIDE SALE—IMPROVEMENTS.
On foreclosure of a mortgage the mortgagee's executor became the purchaser, and occupied and collected the rents of the premises for several years, when he conveyed to a third person. The foreclosure decree was afterwards vacated on the application of infant defendants, and they were allowed to answer the complaint.

From a judgment disallowing their claim for rents they appealed, and it was held that they were entitled to a certain amount therefor, to be deducted from the amount of the mortgage debt. After deducting this amount, and satisfying the judgment out of the proceeds of the final sale, there remained a surplus, which defendants applied to have paid over to them. Plaintiff resisted this by claiming allowance for expenditures during the time he held the title under the sale, for the benefit of the property, exceeding the amount of the surplus. *Held,* that the referee properly allowed him for payment of taxes, which, if unpaid, would have reduced the amount realized by the final sale; and also for expenditures in making repairs which preserved the property and kept it in such a condition as to enhance the purchase price at that sale.

2. SAME—SALE TO THIRD PERSON.

Defendants can derive no advantage from the sale by the executor to the third person, and the amount paid for that conveyance is of no importance.

On motion by defendants, Karoline Kroll and others, to sustain exceptions to the report of a referee, made under an order of the general term, on defendants' application for restitution to the surplus of proceeds of foreclosure sale. For a report of the appeal, referred to in the opinion, see 43 Hun, 328.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*L. A. Gould,* for plaintiff. *Edward P. Wilder,* for defendants.

DANIELS, J. The action was brought to foreclose a mortgage given by Heinrich Kroll to the plaintiff and another, as executors, etc. He, as surviving executor, commenced and prosecuted the action, and recovered a decree for the sale of the mortgaged premises, in November, 1879. A sale took place in the following month, upon which the plaintiff became the purchaser of the property. He continued to claim and own it under this sale until August, 1882, when he sold the premises to Augustus C. Bechstein for the sum of $6,000, $2,000 being paid in cash, and the residue secured by a mortgage. The deed was without covenants of warranty, and afterwards, and in September, 1883, the decree of foreclosure and the sale were upon the application of infant defendants vacated and set aside, and the defendants were allowed to answer the complaint. Upon the trial of the action there was found to be unpaid upon the mortgage the principal sum for which it had been given, of $4,000, and also interest amounting to $1,924.10. An appeal was taken from this judgment by the defendants for the disallowance of rents which had been collected by the plaintiff during the time he held the title under the sale which took place in November, 1879. By the determination of the appeal it was held that the defendants were entitled to have deducted from the amount found due at the trial the sum of $1,123.75 on account of the rents so collected and received by the plaintiff, together with interest upon the money, so far as it had been included in the computation made at the trial, and that there should also be deducted from the costs adjusted the sum of $210. To secure these objects a new trial was ordered, unless the plaintiff stipulated to make such deductions, and under this liberty the plaintiff within the time allowed for that purpose did stipulate to reduce the judgment accordingly. By this reduction of the amount there remained a surplus, after satisfying the mortgage, amounting to the sum of not exceeding $759.16. The defendants owning the equity of redemption in the property, applied to the court for an order requiring the plaintiff to pay to them this sum of money. This was opposed upon affidavits by him showing the expenditure of money while he held the title under the sale at which he had become the purchaser, for the payment of taxes and insurance and the cost of repairs and foreclosure, amounting in all to the sum of $1,177.23. The repairs which were made appear to have been prudent as well as necessary, and they were made at the instance of Karoline Kroll, the widow of the mortgagor, who, with her children, continued to occupy the premises while the title remained, under the foreclosure sale, in the plaintiff. The taxes which were paid were in part in arrear at the time of his purchase, and the residue were imposed and became due while

he continued in this manner to be the owner of the property. The amounts paid for insurance as well as water-rents were in the aggregate the sum of $43.40. Excluding those amounts, more was paid out by the plaintiff for repairs and taxes than the balance remaining in his hands by this change and modification in the judgment, and it was on that account that the referee deemed the application of the defendants for the payment of the sum claimed by them to be inequitable, and successfully resisted by the plaintiff. The defendants objected to the allowance of evidence showing these payments for taxes and repairs, by way of answer to their application for restitution. But this objection was overruled by the referee, and properly so, too; for it was no part of the judgment as it was modified, to determine, and it in no way did determine, that the plaintiff would not be entitled to be allowed the expenditures made by him in this manner, against any sum remaining in his hands by reason of the modification and reduction of the judgment. No such point or fact was in any form in issue in the action itself, and for that reason the judgment could not be interposed as a bar to the taking of this evidence. *People* v. *McMann*, 37 Barb. 502, 507, 508. That was apparently the view which was followed by the general term at the time when the motion for restitution was heard; for the fact of these payments having been made was then brought up as an answer to the motion, and it was to ascertain what expenditures had been made by the plaintiff, which should be allowed to him in the disposition of the motion, that the order of reference was made for the hearing before the referee.

The case accordingly presents the question whether the plaintiff is entitled to be allowed these expenditures as a charge against the balance remaining in his hands under this reduction of the judgment by the allowance of these rents; and that they should be allowed to him seems to be entirely just and equitable; for if he had not paid the taxes which were imposed upon the property for the years for which payment was made, the proceeds of the sale under the final judgment of foreclosure would necessarily have been correspondingly reduced by the requirement to pay the taxes in arrear out of such proceeds; and it is reasonable to believe, also, that the repairs which were made upon the property preserved and maintained it in such a condition as to enhance its value and the proceeds of the sale at the time when the sale finally took place. In this manner the claimants for restitution have to this extent been benefited by the payments which the plaintiff appears to have made; and it was doing no more than what was equitable between the parties to permit his reimbursement out of the sum of money remaining in his hands; and making that allowance in his favor because of these expenditures fully answers this application for restitution.

When the sale was made by the plaintiff to Bechstein it was for the sum of $6,000; but that was a transaction growing out of the contract between himself and Bechstein exclusively, and upon the supposition that he had acquired title to the property under the foreclosure sale of 1879. The applicants can derive no rights or advantages under the sale made in this manner by the plaintiff. It was entirely annulled and vacated by the order resulting from the proceedings taken by the infants, and apparently with the consent of the plaintiff, leaving him answerable to Bechstein for whatever the latter might be entitled to by reason of the failure of the title under which he became the purchaser. What remained to him finally after the sale was vacated was no more than the mortgage debt itself, and the excess which had been paid by him for the title to the estate might very well form the subject of a legal demand in his favor against the plaintiff. It could not be invoked as a fact which in any manner could aid or promote this application made on behalf of these defendants. The exceptions taken to the report of the referee do not appear to be supported, and they should be overruled, with the costs of the motion. All concur.