CONSOLIDATED WYOMING GOLD MIN. CO. v. CHAMPION MIN. CO.

(Circuit Court, N. D. California. March 6, 1893.)

. **Res Judicata—Judgment in State Court.**
 A judgment of a state court, within and responsive to the issues made by the pleadings, directly upon a point, is, as a plea in bar and as evidence, conclusive between the same parties on the same matter in another action in the federal court.

**2. Same—Federal Courts—Jurisdiction.**
 The fact that a judgment in the state court in an action involving a contest between mining claims is res judicata of the questions litigated in an action removed to the federal court does not deprive such court of jurisdiction, as a contest between mining claims necessarily involves a consideration of the laws of the United States as to the location and the effect of end lines and side lines on the rights to the mineral veins and lodes, and as the evidence whereby these things are proved, whether direct or through estoppel by some act of the party, or by a judgment of a court, does not remove consideration of the laws as elements of decision.

Action by the Consolidated Wyoming Gold-Mining Company against the Champion Mining Company. Defendant files a plea in abatement of the jurisdiction. Denied.

Wilson & McCutchen, for complainant.
Edward Lynch and C. H. Lindley, for defendant.

McKENNA, Circuit Judge (orally). This is an action for trespass and for an injunction. It was originally brought in the state court, and was removed here on petition of defendant. The petition alleges a prior suit between the same parties in the state court (16 Pac. 513), the parties, however, being reversed; the plaintiff here being defendant, and the defendant plaintiff. A motion was made (based on the petition) to remand to the state court, on the ground that the petition showed that there had been a prior suit between the same parties in the state court, in which it was claimed that the judgment of the court left no question, federal or otherwise, to be litigated between the parties, except the fact and extent of trespass. This motion was denied on the ground that the petition showed that a federal question was involved. A plea in abatement to the jurisdiction was then filed, alleging specifically the judgment in the state court, to which the defendant made replication, in which it was claimed that the points involved in the present suit were not involved in the suit in the state court. The replication sets out the pleadings, findings, and judgment of the state court, from which it appears that issue was made, and that the court found and adjudicated on the location, and the time of the location, of the mining claims involved in the suit at bar,— determining in favor of the plaintiff here,—and also found that certain boundary lines were side lines, not end lines, as was alleged by defendant here (plaintiff in such prior suit), and, as conclusions of law, held and adjudicated as follows:

"The issues in this cause having been tried by the court without a jury, and the written decision of said court having been made on the 21st day of

v.62f.no.11—60

April, 1886, bearing date of that day, and duly filed with the clerk of said court on the same day, ordering judgment in accordance therewith: Now, therefore, it is considered, adjudged, and decreed that plaintiff have judgment against the defendant for the sum of one hundred and twenty dollars, with its costs therein expended up to the time of filing of the answer to the amended complaint; 'that plaintiff is not entitled to any injunction or other relief against defendant; that defendant is entitled to work its Wyoming mine along, and all points below the junction thereof with, the Phillips mine, of plaintiff, and that it is entitled to work both its Wyoming and Ural mines at any point below where either of said mines, on its dip, may unite with the New Year's or Climax or New Year's Extension or Annex mines of the plaintiff; and that defendant have and recover his costs herein expended since the filing of its said answer to amended complaint, which are hereby taxed at ———.                                    J. M. Walling, Superior Judge.

"Dated, April 21st, 1886."

It is admitted that the findings of the court and its judgment are in accordance with the issues presented by the pleadings, and that defendant here is estopped to litigate the same, "as far," to use language of counsel, "as that judgment is capable of certain and definite construction." It is, however, contended that the judgment is not estoppel, because, while the Ural and New Year's mines were included in the pleadings, no trespass was shown to have been committed, involving either of those claims, and that the allegations of the pleadings concerning them were irrelevant and immaterial. And it is further contended that the judgment of the court on these allegations was unnecessary and immaterial, because the action was in trespass, and, while the allegation was general,—of a trespass on the consolidated mine,—that no trespass was proved or spoken of on the New Year's claim, and that the action resolved itself into one for a trespass on the Phillips and Muller mines.

Counsel for defendant quotes a number of cases to show that in trespass quare clausum fregit the plaintiff may recover on proof of trespass done to a part only of the claim described in the declaration, and hence a judgment in the case is not conclusive of the title to the whole, as only title to a part may have been involved and decided, and therefore, upon plea of such judgment, evidence would be received to limit its estoppel to that which was actually passed on. But are these cases applicable? They might be if the judgment of the court had stopped by finding the special trespass, or awarding damages for it, but the court did not so stop. It not only adjudged and decreed that plaintiff have judgment against the defendant for the sum of $120, with costs, but it decreed "that defendant is entitled to work its Wyoming mine along, and all points below the junction thereof with, the Phillips mine of plaintiff, and that it is entitled to work both its Wyoming and Ural mines at any point below where either of said mines, on its dip, may unite with the New Year's or Climax or New Year's Extension or Annex mines of the plaintiff." In other words, it adjudged to the Consolidated Wyoming mine the rights which, it is alleged, are trespassed upon by the Champion, and on account of which trespass this action is brought. The judgments in the cases cited were consistent with proof of title to the whole claim described, or part of it,

but the judgment pleaded here is only consistent with the supposition of evidence offered on all the issues of the complaint. The rule is well settled that a judgment of a competent court, directly upon a point, is as a plea a bar, and as evidence conclusive, between the same parties, upon the same matter directly in question, in another action or court. The judgment of the state court seems to satisfy this rule. It is certainly within and responsive to the issues made by the pleadings. If it went beyond the proof,—in other words, was not sustained by the evidence,—it may have been erroneous, but I am cited to no case which holds that the estoppel of a judgment can be avoided by showing the judgment was erroneous. The remedy for that is an appeal, and the plaintiff took that remedy. It appealed to the supreme court of California, and that court decided that the findings of the court below were sustained by the evidence. Besides, the action was not as narrow as defendant claims. The defendant makes the judgment of the court a measure of what it contended for. If this were the measure, few judgments would be an estoppel. If a party's allegations are not sustained, or are overcome by adverse proof, can it be said that he has not litigated them? It is the effort, not the success, which makes the estoppel. The reason is, having had his opportunity in court against the other party, he will not be permitted to contend with him again. on the same matters, in another action or court. The action in the state court united, as it could unite, legal and equitable relief, damages for trespasses done, injunction against trespasses threatened. The place of them was alleged to be "that body of quartz mining ground which is known as part of the 'Champion Consolidated Mines and Tunnel Right.'" It was composed of a number of mining claims. The Wyoming Company own adjoining claims, and the controversy was not for trespass on the locus of the plaintiff, in the sense of the ordinary action of trespass quare clausum fregit, but turned on rights growing out of independent claims of different and nonconflicting surface boundaries. The rights of the parties therefore depended upon time of location of such claims, and whether their respective boundaries were end lines or side lines. The importance of an adjudication on such lines and such locations is apparent. Beyond an end line, the vein of mineral cannot be followed into adjoining ground; beyond a side line, it can be; and to the oldest location is given, by section 2336 of the Revised Statutes, the right, when two or more unite, to take the vein below the point of junction, including all the intervening space of intersection. The trespass found by the court, and which counsel claims determines the extent of the estoppel of the judgment, was not an issue. It was confessed by the answer. It was an accidental trespass on the Phillips ledge, owned by plaintiff, at a point above its junction with the Wyoming, owned by defendant. "The real trespass complained of," the supreme court say in its opinion, "was that the defendant took gold-bearing quartz out of the United ledge below the junction, and so the main question is,

who owns the United ledge?" The court then quotes section 2336 of the Revised Statutes, supra, and continues as follows:

"Consequently, the main question depends upon the underlying question, which party holds under the older location? And the most important questions which appear in the record were the rulings of the court as to the admissibility of evidence offered upon this question of prior location." Page 80.

The supreme court also considers the finding and judgment of the lower court as to the Ural mine of defendant (plaintiff here) and the New Year's and New Year's Extension mine of plaintiff (defendant here), and holds that the findings were sustained by the evidence, and that there was no basis for an injunction or damages. Every point, therefore, on which the parties can rely in the case at bar, except the fact or degree of trespass, and the denial of them, seems to have been passed upon by the state court. But counsel say, quoting People v. Johnson, 38 N. Y. 63:

"Although a decree, in express terms, professes to affirm a particular fact, yet, if such fact was immaterial, and the controversy did not turn upon it, the decree will not conclude the parties in reference to that fact.".

And counsel cites, in addition to People v. Johnson, Woodgate v. Fleet, 44 N. Y. 1; Fulton v. Hanlow, 20 Cal. 450.

I think counsel draws too broad a conclusion from the language quoted. When properly understood, it expresses correct doctrine. In all these cases cited the finding of the court was not necessary to the judgment, and the language of the court must be interpreted by this fact. There is no intimation in any of them that the judgment was not conclusive of all that was covered by it. In People v. Johnson, tenancy between the parties was alleged to have been decided in the prior suit. This, the court said, was not a question in issue. "The mere fact of the alleged tenancy," the court said, "is undoubtedly found by the judge on the trial in the superior court; but the fact was immaterial, and the judgment did not, in any respect, rest upon that finding, as is most obvious from the inspection of the pleadings, the findings of the court, and the final judgment rendered thereon." In the case at bar the judgment pleaded does rest on the findings, and could not be sustained without them. In Woodgate v. Fleet, as in People v. Johnson, there was a finding not necessary to the judgment; indeed, hardly amounted to a finding. At any rate, the judgment did not depend upon it,—it was good without it,—and the court said:

"If the court gave a wrong reason for its judgment, or placed it on unnecessary grounds, the parties would not be estopped, as to such reasons and grounds, in any other suit. The bill did not pray for a construction of the deed, and that does not seem to have been a matter of controversy and discussion on the trial. * * *"

It will be seen that it was not decided that the judgment was not conclusive of all it covered; only that the wrong reason for the judgment stated by the chancellor was not conclusive.

In the case of Fulton v. Hanlow, the fact which was claimed to have been previously decided was that a certain sale under a judgment and execution of the San Francisco Gas Company against

the city of San Francisco was valid, and effectual to pass title to the purchasers at the sale.    It was contended that "the decree was admissible, in connection with the conveyance, as a muniment of title, constituting a link in the deraignment of title." The court, by Justice Field, said:

"The construction which we give to the decree will render it unnecessary to consider the second proposition.    As we read the decree, it is not an adjudication upon the character of the title to the city which the purchaser acquired from the sale and conveyance of the sheriff."

The learned justice further said that the court adjudged that the sale was effectual to pass such title as the sheriff had sold,—whatever it might be. It is that title, and no other, to which the decree refers.    This being so, the declaration of the decree as to the effect of the sale was a finding of an immaterial matter, not necessary to the judgment of the court, and upon which, as was said in People v. Johnson, the judgment did not rest, and hence was not covered by it.    But, as we have seen, in the case at bar the time of the location of the respective claims of the parties, the fact that certain of their boundary lines were or were not end lines, the places where the veins cropped out, and the rights resulting therefrom, were all put in issue by the action in the state court, and actually passed on by such court, and they were material.    Evidence was submitted as to all of them, and the judgment depended upon and rested upon them.    The judgment was affirmed by the supreme court of the state.    The court say, "From a thorough examination of the whole case, we find no reason to disturb the judgment of the court below."

But does the fact of the judgment in the state court being res adjudicata of the questions litigated, and which I have detailed, remove this case from the jurisdiction of a federal court?    The question is not without difficulty.    A contest between mining claims necessarily involves a consideration of the laws of the United States. These laws prescribe how the location shall be made, and the effect of end lines and side lines on the rights to the mineral veins and lodes.    The evidence by which these things are proved, whether direct, or through the estoppel of some act of the party, or by a judgment of a court, does not remove consideration of the laws as elements of decision.    In section 86, Dillon on Removal of Causes says:

"The motion to remand must be based upon the petition for removal, and the record as sent from the state court.    If the petition, in connection with the record, is sufficient, on its face, but states, as ground of removal, facts which are not true,—as, for example, in regard to citizenship, or value. * * * an issue may be taken thereon in the circuit court by a plea in the nature of a plea in abatement."

But citizenship and value have no other purpose than to fix the tribunal.    The case, in its progress, or the judgment, does not depend upon them.    In Coal Co. v. Blatchford, 11 Wall. 172, the supreme court say, "The question of citizenship constitutes no part of the issue upon the merits."    The same may be said of value, so far as fixing jurisdiction.    But a law of congress, upon which, as a factor in decision, a party's rights depend, determines, in conjunc-

tion with the facts, the judgment to be rendered. The form in which the evidence shall be introduced does not, therefore, remove the law of congress from being an element of decision, and hence of cognizance in a federal court. The prayer of the plea of abatement will therefore be denied, without prejudice, however, to the plaintiff urging the facts alleged by it in the subsequent stages of the case.