THE ONWARD CONSTRUCTION COMPANY, Respondent, *v.* TIFFANY STUDIOS, Appellant.

First Department, January 10, 1919.

Judgment — res adjudicata — estoppel — facts and conclusions of law of a referee relating exclusively to a counterclaim which was expressly withdrawn by the judgment are not res adjudicata in a subsequent action between parties who were defendants — when stipulation in prior action not an admission in subsequent action.

Where in an action to recover damages for the non-performance and breach of a certain contract to furnish materials and perform work, it appeared that the plaintiff and defendant had been made parties defendant in a prior action to foreclose a mechanic's lien upon the building, and that each had answered and served copies of their answers on each other; that in such action the present plaintiff had alleged as a counterclaim the making of the contract which is the basis of the present cause of action and the non-performance and breach thereof, and that the judgment

in the prior action expressly ordered that the counterclaim be withdrawn, the findings of fact and conclusions of law of the referee in the mechanic's lien action based upon and relating exclusively to the counterclaim are not *res adjudicata* in the present action.

None of the issues raised in the case at bar were adjudicated in the mechanic's lien action and, hence, the defendant is not concluded by the findings of the referee.

A judgment is not an estoppel as to all the litigated facts and all the evidence which the one party or the other may choose to introduce upon the trial of the action, however important such evidence may have been. The estoppel exists as to the material facts which are in issue between the parties to the action and to such as necessarily bear upon, control and are essential to the adjudication made.

A stipulation in the mechanic's lien action fixing the amount of damages but limited for the purposes of said action cannot be availed of as an admission in the present action.

APPEAL by the defendant, Tiffany Studios, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of December, 1917, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 20th day of December, 1917, denying defendant's motion for a new trial made upon the minutes.

*Robert Thorne* of counsel [*William W. Robison* with him on the brief; *DeForest Brothers*, attorneys], for the appellant.

*Charles L. Craig* of counsel [*Hastings & Gleason*, attorneys], for the respondent.

PAGE, J.:

The action was to recover damages for the non-performance and breach of a certain contract, entered into on the 15th day of April, 1902, between the Tiffany Glass and Decorating Company as contractor and the plaintiff as owner, whereby the contractor agreed to provide all the materials and perform all the work mentioned in the specifications and shown on the drawings prepared by the achitects for the interior finishing and decorating of certain specified portions of the apartment hotel called the " Ansonia," with certain exceptions therein specified, for the sum of $44,205. The contract was executed on the part and in the name of the plaintiff by its treasurer and its corporate seal was affixed.

On the part of the contractor it was signed as follows: " Tiffany Glass and Decorating Co. by Allied Arts Co. George Schmitt Secy.," and the corporate seal of the Allied Arts Company was affixed.   The Tiffany Glass and Decorating Company did not furnish any of the materials nor perform any of the work called for by the said contract, but all that was done and performed was by the Allied Arts Company and the defendant Tiffany Studios into which the Allied Arts Company was merged.   When the Ansonia was completed there were disputes between some of the contractors and materialmen and the owner, and a number of mechanics' liens were filed against the property, among which was one filed by the defendant Tiffany Studios.

An action was commenced to foreclose the lien filed by Francis Brothers & Jellett, Inc., and the plaintiff and defendant in the present action were made parties defendant in that action, and each answered and served copies of their answers on each other, the allegations of which will be more fully considered later.   The issues in that action were referred to Hamilton Odell to hear and determine, and such proceedings were had therein that judgment was entered holding that the Tiffany Studios had no lien upon the property and that it had been fully paid for all the work done and materials furnished by it and its predecessor, the Allied Arts Company, and dismissing the claim upon the merits.   This judgment was entered May 9, 1916, and in September, 1917, the present action was brought as above stated.   The issues presented by the pleadings were as follows:

(1) Whether the defendant was a party to the contract; (2) if the defendant was a party to the contract, whether (a) there was performance or excuse for non-performance by the defendant; (b) whether there was performance or excuse for non-performance by the plaintiff; (c) if there was performance by the plaintiff and failure of performance by the defendant and no excuse for non-performance by the defendant, the amount of damages, if any, recoverable by the plaintiff; (3) whether the action was barred by the Statute of Limitations.

The plaintiff upon the trial offered in evidence the contract and the judgment roll in the mechanic's lien action, and

the court held that all these issues were determined by the referee in the mechanic's lien action and that they were, therefore, *res adjudicata* and directed a verdict for the plaintiff.

The consideration of this question makes it necessary to examine the judgment roll in the mechanic's lien action. The answer of the Tiffany Studios set up its lien and alleged that the Allied Arts Company and the Tiffany Studios at the special instance and request of and with the knowledge and consent of the Onward Construction Company provided and furnished materials and rendered and performed work, labor and services for the interior trimming and decoration of the Ansonia for the improvement of the real property. Nowhere in this answer is the contract with the Tiffany Glass and Decorating Company mentioned. Its claim was, therefore, not on the contract but upon a *quantum meruit.*

The answer of the Onward Construction Company denies the material allegations of the answer of the Tiffany Studios; as a first defense pleads the six-year Statute of Limitations; as a second defense, an accord and satisfaction; as a third defense and for a first counterclaim the making of the contract between the Tiffany Glass and Decorating Company and the Onward Construction Company, which is the basis of the cause of action in the present action, is alleged and the non-performance and breach thereof by the Tiffany Glass and Decorating Company and the damages arising therefrom are set forth. Then, on information and belief, it is alleged that the Tiffany Studios " for a valuable consideration promised and agreed to pay said indebtedness of said Tiffany Glass and Decorating Company to this defendant, the Onward Construction Company." It is evident therefore, although this portion of the answer is labeled a " third defense " as well as a " first counterclaim," it is in no sense a defense, but is only a counterclaim. This counterclaim, if established by the evidence, would have resulted in an affirmative judgment for money damages in the amount for which judgment has been given in the case at bar.

The judgment entered in the mechanic's lien case, however, merely dismissed the claim of the Tiffany Studios, and it was also thereby " Ordered, adjudged and decreed that the counterclaims against the defendant Tiffany Studios, set up in the

amended and supplemental answer of the defendant Onward Construction Company and in the answer of the defendant Onward Construction Company to the amended answer of the defendant Tiffany Studios, were respectively withdrawn."

Notwithstanding this express provision of the judgment the respondent claims and the learned justice at Trial Term has held that the findings of fact and conclusions of law of the referee based upon and relating exclusively to the counterclaim, are *res adjudicata* in the present action. The answer to this proposition is obvious. The facts and conclusions of law were not adjudicated because the issues of fact raised by the counterclaim had been withdrawn prior to judgment. If there was any adjudication of these issues, the judgment was adverse to the plaintiff herein because no relief was granted thereon by the judgment. Even if the issues raised by the counterclaim were fully litigated, and the evidence adduced thereon remained in the record, when the counterclaim was withdrawn it was in effect a discontinuance of the action in so far as the cause of action set forth in the counterclaim was concerned, and the evidence became immaterial and irrelevant to any issue in the case.

" It has never been held that a judgment is an estoppel as to all the litigated facts and all the evidence which the one party or the other may choose to introduce upon the trial of the action, however important such evidence may have been. The estoppel extends to the material facts which are in issue between the parties to the action, and to such as necessarily bear upon, control and are essential to the adjudication made." (*House* v. *Lockwood,* 137 N. Y. 259, 270. See, also, *People* v. *Johnson,* 38 N. Y. 63, 65; *Woodgate* v. *Fleet,* 44 id. 1; *Stannard* v. *Hubbell,* 123 id. 520; *Springer* v. *Bien,* 128 id. 99; *Shaw* v. *Broadbent,* 129 id. 114, 123; *Stokes* v. *Stokes,* 155 id. 581, 591; *Reynolds* v. *Ætna Life Ins. Co.,* 160 id. 635; *Rudd* v. *Cornell,* 171 id. 114, 127–129; *Stokes* v. *Foote,* 172 id. 327, 341.)

It, therefore, follows that none of the issues raised in the case at bar were adjudicated in the mechanic's lien action and the defendant is not concluded by the findings of the referee. As there will have to be a new trial of the case, we should not in my opinion pass upon the question discussed

by counsel as to whether the twenty-year statute or the six-year Statute of Limitations applies. The referee in the mechanic's lien action held upon the evidence before him that the Allied Arts Company had no authority to sign the contract as agent of the Tiffany Glass and Decorating Company; that, therefore, it was the contract of the Allied Arts Company whose seal as well as that of the Onward Construction Company was on the contract. If the same evidence should be produced on this trial the contract would be a sealed instrument and the twenty-year Statute of Limitations would apply. If, however, the contract should be shown to be what it purports upon its face to be, the contract of the Tiffany Glass and Decorating Company, and that the Allied Arts Company and Tiffany Studios furnished materials and performed the work through some arrangement with the Tiffany Glass and Decorating Company, then at most the defendant could only be held on its agreement with the Tiffany Glass and Decorating Company, and if by reason of that agreement the plaintiff had a claim against the defendant its cause of action would be barred by the six-year limitation.

The amount of damages arising from the breach of the contract was found upon the theory that the amount thereof had been stipulated in the mechanic's lien action, but it appears that the stipulation was limited for the purposes of that action. Such a stipulation cannot be availed of as an admission in this action.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ, concurred; SMITH, J., concurred in result.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.