EMANUEL APPLEBAUM, Plaintiff, *v.* NEW YORK RAILWAYS CORPORATION, Defendant.

Supreme Court, Special Term, New York County, November 9, 1937.

*Edward L. Kaine*, for the plaintiff.

*Henry J. Smith*, for the defendant.

SHIENTAG, J. This motion to strike out certain denials is denied. The judgment in the action brought by the plaintiff's wife, the owner of the car, against the defendant for property damage is not *res adjudicata* on the issue of contributory negligence in the present suit by the husband, the driver of the car, for personal injuries. Under section 59 of the Vehicle and Traffic Law, the contributory negligence of the driver cannot be imputed to the owner to bar the latter's recovery in his own action. (*Nannes* v. *Ideal Garage, Inc.*, 150 Misc. 522; *Webber* v. *Graves*, 234 App. Div. 579. Contra, *Darrohn* v. *Russell*, 154 Misc. 753.) The judgment in the wife's suit, therefore, determines nothing as to the husband's contributory negligence. This is so even though that question

was put in issue and litigated in the first action. The doctrine of *res adjudicata* does not apply to issues actually decided if they are immaterial to the judgment rendered. (*People ex rel. Reilly* v. *Johnson*, 38 N. Y. 63; *Rudd* v. *Cornell*, 171 id. 114.) In other circumstances it might have been possible to decide another way the interesting question of whether, in the light of the recent cases in the Court of Appeals (*Liberty Mutual Ins. Co.* v. *Colon*, 260 N. Y. 305; *Good Health Dairy Products Corp.* v. *Emery*, 275 id. 14), the time has not come to extend the doctrine of *res adjudicata* to cover a situation of this type, although the right of action is non-derivative, and there is no mutuality of estoppel. (von Moschzisker, Res Judicata, [1929] 38 Yale L. J. 299; Cox, Res Adjudicata: Who Entitled to Plead, [1923] 9 Va. L. Reg. [N. S.] 241.) In the present circumstances that extension of the law cannot be made.