JOSEPH STOUT *et al.*

*v.*

ISAAC COOK.

1. DESCRIPTION — *when void for uncertainty.* A levy of an execution upon a tract of land by the description of the "East fractional Southeast Section 6, 33, 4," would not be a levy upon the "East Fraction of Section Six," the section having been so surveyed by the government as to make both an East fractional part and a Southeast fractional quarter, distinct from each other, the land being intersected by a river.

2. CLOUD UPON TITLE. Although the levy and sale, and deed in pursuance of them are void for uncertainty, yet when the defendant claims title under them, a court of chancery will render a decree quieting the title.

APPEAL from the Circuit Court of Will county; the Hon. JESSE O. NORTON, Judge, presiding.

This was a bill in chancery to quiet title. The facts appear in the opinion so far as they are material the points decided.

Messrs. LELAND & BLANCHARD for appellants.

Mr. W. T. BURGESS for appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

The East half of section six, township thirty-three, North, range four East of the third meridian, is so intersected by Fox River, as to cause the government survey to throw a fraction containing 45 7-100 acres on the East side of the river. This fraction extends from the South line of the section to within about forty rods of the Northeast corner, thus lying East of the greater part of the entire East half of the section, but separated from it by the river. It was separately surveyed by the government, and is described in the survey as "the East fraction of section six, (East of Fox River,) in township thirty-three," etc. The land was patented by this description to Cook, the appellee, and afterwards levied upon under a judgment and execution against him, sold, and conveyed by the sheriff. The levy, certificate of sale and sheriff's deed, all describe the land as the "East fractional Southeast quarter of setion 6, 33, 4." The bill is filed by Cook, alleging that the grantees, under the sheriff's deed are claiming title under this description, to the East fraction of the section as above described, and asks to have the sale and deed set aside as a cloud on complainant's title. The court below so decreed.

We are unable to so construe the description "East fractional Southeast quarter of section six," as to make it apply to all, or any definite part, of the "East fraction of section six." By this last description, the government had surveyed and patented a piece of land which was no part of either the Northeast or of the Southeast quarter. As we understand the plat which is incorporated into the record, there are a Northeast and a Southeast quarter of section six, which lie West

of the river, and do not include any portion of the East fraction, which is a distinct survey. The description adopted in the levy does not, therefore, apply to any parcel of land. As it stands, it is without meaning. By rejecting as repugnant the words "East fractional," the levy would then describe merely the Southeast quarter, which, as we have above remarked, would not include any portion of the land in controversy.

The counsel for the appellant urge that the words "East fractional Southeast quarter," mean the same thing as the "East fraction of the Southeast quarter," and that this would mean that portion of the fraction East of the river, and East of the Southeast quarter. If the words of the description could be changed as counsel suggest, we do not perceive that the result claimed by them would follow. If the land surveyed as the East fraction of the section forms no part of the Southeast quarter, the description, even thus changed, would not describe the fraction or any part of it. Neither, in any event, do we perceive how the "East fraction of the Southeast quarter," could be considered as describing any specific tract of land unless the government, in its survey, applied that description to some special tract. It would be only equivalent to "East part of the Southeast quarter," which would be a void description for want of definite locality. The government, by its survey, has localized the "East fraction of the section," and we know precisely what the fraction is, by its metes and bounds. But it has made no such survey as the East fraction of the Southeast quarter, and therefore that description, if it had been used in the levy, would leave us entirely uncertain, in the absence of such survey, what particular fraction was sought to be described. We regard the levy and deed as void for uncertainty.

But although the levy and sale are void, the defendants below are claiming the land under them, and thus creating a cloud on complainant's title. The court below, therefore, properly rendered a decree quieting the title, and the decree is affirmed.

*Decree affirmed.*