## ALVIS SHARP

*v.*

## SPENCER SMITHERMAN.

MORTGAGE—*when deed is held to be.* A deed, absolute on its face, will not be considered as a mortgage unless it be made to appear *clearly* to have been so intended at the time of its execution, the presumption being that it is not a mortgage.

APPEAL from the Circuit Court of Montgomery county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Messrs. RICE & MILLER, for the appellant.

Mr. A. N. KINGSBURY, and Mr. E. SOUTHWORTH, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was a suit in chancery, brought by Smitherman, in which a decree was rendered asserting title in fee of certain

mill property, to rest in Levi Berry and Spencer Smitherman, an undivided two-thirds in Berry, and an undivided one-third in Smitherman, and for partition between them of the property in question. Alvis Sharp, the appellant, was made a party defendant, upon the allegation that he claimed some interest in the undivided one-third of the property claimed in fee by Smitherman.

Prior to, and upon the 1st of December, 1873, it is conceded by all parties that Sharp owned an undivided third of this mill property, and that Berry owned the remaining interest of two-thirds, and that Berry and Sharp were in possession, and were operating the mill together as partners; and it is conceded that before and at that time, Sharp was indebted to divers persons, and that Smitherman, the appellee, was bound as security for Sharp upon certain of his indebtedness, and that at that time Sharp and his wife executed a general warranty deed, conveying to appellee the real estate in question for the consideration of $2000, as recited in the deed.

Sharp claims in his answer, that this deed was given merely as a mortgage to secure Smitherman in the repayment of moneys he was about to advance in payment of one of these debts. This is denied by appellee, and the only question presented is, whether this deed, though absolute upon its face, was not given merely as a mortgage.

The statute declares that " every deed conveying real estate, which shall *appear* to have been intended *only* as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage."

It has, however, been held repeatedly by this court, that a deed absolute upon its face, is not to be considered as " a mortgage," unless it be made to appear *clearly* to have been so intended at the time of its execution. *Sutphen* v. *Cushman,* 35 Ill. 186; *Lindauer* v. *Cummings, Exr.* 57 ib. 195; *Remington* v. *Campbell,* 60 ib. 516. In this case, there is testimony tending strongly to show that this deed was intended to operate merely as a mortgage, but there is also affirmative evidence that such was not the intention of the parties.

Although, to some of the members of this court it seems probable that this deed was intended merely as a security, yet a majority of the court hold that the weight of the evidence to that effect is not sufficient to overcome the presumption to the contrary, arising from the absolute and unconditional terms of the deed. The court below found that the transaction was that of an absolute sale, and we do not feel authorized to hold otherwise upon the proofs in this record, which have been carefully examined and fully considered. The discussion of the bearing and relative weight of the several parts of the evidence, could profit no one.

The decree must be affirmed.

*Decree affirmed.*