## George F. Hoover v. Svan Ekdahl.

1. FREEHOLD—*When Not Involved.*—A freehold is not involved in a proceeding to have a conveyance absolute of real estate declared a mortgage.

2. VERBAL CONTRACT—*To Overcome a Deed—Measure of Proof.*— When a verbal contract is set up to overcome and defeat a deed, the proofs must be of a clear and convincing character.

**Bill to Have a Deed Declared a Mortgage.**—Appeal from the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

C. L. Sheldon, attorney for appellant.

F. D. Ramsay, attorney for appellee.

Mr. Justice Harker. delivered the opinion of the Court.

This is a suit in chancery by appellant against appellee for the purpose of having a certain deed for 120 acres of land in Whiteside county declared a mortgage with a right in appellant to redeem therefrom.

The farm at one time belonged to appellant's wife and her children by a deceased husband, George F. Hoover. It was sold upon a decree for partition, appellant's wife becoming purchaser. To meet the payment of notes executed for the purchase money application was made to appellee. The money was furnished by appellee and a deed executed by appellant and his wife to him. The theory of appellant's suit is that the money advanced by appellee was a loan and that the deed was executed solely for the purpose of securing the loan. The defense is that the money furnished was purchase money paid on a contract of sale for the land.

The Circuit Court found for appellee and dismissed the bill.

In this court appellee moved to dismiss the appeal upon the ground that a freehold is involved. The motion was taken with the case. Under the decisions of our Supreme Court a freehold is not involved and the motion will therefore be overruled. Lynch v. Jackson et al., 123 Ill. 360; Kirchoff v. Union Mutual Life Ins. Co., 128 Ill. 199.

Appellant testified that it was agreed between him and appellee that appellee should advance the money necessary to raise the notes; that appellant was to pay seven per cent interest for the use of the money; that appellee should hold the title to the land and that when appellant should pay the amount due, appellee should convey the premises to him. This appellee denied, and testified that he bought the farm absolutely, with no agreement or understanding that he was to reconvey.

Each party introduced other testimony tending to bolster up his side of the case. To discuss the testimony in detail would render this opinion too lengthy. We shall content ourselves with saying that it was the peculiar province of the trial court to decide in the conflict where the truth was.

When a verbal contract is set up to overcome and defeat a deed the proofs to accomplish that end must be of a clear and convincing character. Wilson v. McDowell, 78 Ill. 514; Bentley v. O'Brien, 111 Ill. 53; Clark v. Clark, 122 Ill. 388. Decree affirmed.