WILBER SCOTT v. GEORGE WAGNER.

No. 53.

1. JUDGMENT—*Res Judicata.* A former judgment between the the same parties cannot be held to be *res judicata* upon a matter controverted in a second action when the causes of action are not the same, and when it does not appear from the face of the record that such matter was determined in the former case nor that its determination was necessarily involved in the judgment.

2. ESTOPPEL—*Evidence.* When, from the face of the record, it does not appear that a matter was necessarily determined in a former action, it may be shown *aliunde* the record that such matter was actually considered and determined therein; and, when so shown, such determination will operate as an estoppel to any further liti-

gation of the same matter between the same parties in a subsequent action, if its consideration was properly within the issues made by the pleadings in the former case.

3. MORTGAGES—*Foreclosure*—*Party*—*no Estoppel.* In an action brought on a note and for the foreclosure of real-estate and chattel mortgages given to secure the same, W., an heir of a deceased mortgagor of the real estate, but not a party to either of said mortgages, was joined as a defendant only because of his interest as heir in such real estate, and no relief was asked against him other than to bar his interest in the land, and no issue was presented or determination made as to what specific personal property was included in the chattel mortgage, and the judgment merely directed the sale of the mortgaged property by a general description. *Held,* That W. was not estopped by such judgment from thereafter showing that he was owner of certain portions of the personal property claimed by the mortgagee to be included within the general description of the chattel mortgage and judgment.

4. ——— *Replevin.* An action of replevin may be maintained by the owner of personal property to recover possession thereof from an officer who seized the same by virtue of an order of sale issued on a judgment of foreclosure of a chattel mortgage, notwithstanding the plaintiff in replevin was one of the defendants in the former action, if the order of sale did not direct the seizure or sale of the property of such plaintiff, and was not issued against him.

MEMORANDUM.—Error from Cloud district court; F. W. STURGES, judge. Action in replevin brought by George Wagner against Wilber Scott. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The facts are sufficiently stated in the opinion herein, filed November 11, 1895.

*Kennett, Peck & Matson,* for plaintiff in error.

*Thos. Wrong,* and *E. S. Ellis,* for defendant in error.

The opinion of the court was delivered by

GARVER, J.: This was an action brought in the district court of Cloud county by George Wagner, defendant in error, against Wilber Scott, plaintiff in er-

ror, to recover the possession of 10 head of horses. The only matter this court is called upon to consider is the right of the plaintiff below to maintain the action. The facts are substantially these : On the 2d day of April, 1889, a chattel mortgage was executed by John Wagner, Clara Wagner and W. F. Wagner to Homer Kennett, on certain personal property, as security for the payment of a promissory note executed by the mortgagors to Kennett. Said note was further secured by a second mortgage on real estate in Cloud county, executed by John and Clara Wagner. The chattel mortgage included some horses, which were described as

"six head of geldings of various ages and colors, six mares of various ages and colors.  .  .  . This mortgage is intended to, and does, include, cover and convey all of the horses, mares, colts, cattle and hogs now owned by said first parties (except cattle mortgaged to Bankers' Loan and Trust Company), and all increase of the same, whether correctly and specifically described above or not, and includes all stock on the farm, except as above and the horses owned by George Wagner."

On the 28th day of February, 1891, an action was commenced by Homer Kennett in the district court of Cloud county, on his note and mortgages, against Clara Wagner, W. F. Wagner, George Wagner, the Cloud County Bank, and others, in which he asked for a personal judgment against Clara Wagner and W. F. Wagner, as makers of the note, and for a foreclosure of the real estate and chattel mortgages which had been given to secure the same. John Wagner died between the time of the giving of the mortgages and the commencement of the action, and George Wagner and certain other persons, who were heirs of the deceased, were joined as defendants. The only

allegations in plaintiff's petition affecting George Wagner were :

"That all other defendants have or claim to have some interest in or to the above-mentioned mortgaged premises, the exact extent of which interest is unknown to plaintiff, but whatever such interest may be, it is subject and inferior to the interest of the this plaintiff" ; and the prayer : "That said premises may be sold to satisfy the same, clear of any claim or lien of any of the defendants, subject to the portion of said mortgages given to and retained by Crippen, Lawrence &. Co., and that a receiver may be appointed to take charge of all of said property, real and personal, and rent the same to the best advantage during the pendency of this action, and that he may have all other and further and different relief that he may under the facts be entitled to."

Service of summons in that action was made on George Wagner by publication.   On the 20th day of April, 1891, the action brought by Kennett was consolidated with an action commenced February 27, 1891, by Josiah Sanborn against the same defendants and others, including Homer Kennett, for foreclosure of a prior mortgage on the real estate included in the Kennett mortgage.   Personal service of summons was made on George Wagner in the Sanborn suit. George Wagner made no appearance in either of said cases prior to judgment.   The petition filed by Kennett was filed as a cross-petition in the Sanborn case, pursuant to the order of consolidation, and on the 27th day of April, 1891, judgment was rendered upon the petition and the several cross-petitions filed in that case, personal judgment being rendered against the makers of the notes, a sale of the mortgaged property ordered for the payment of the judgment, and an order made barring George Wagner and his codefendants from all interest in the real estate after such sale.

The journal entry of the judgment, so far as it affects or relates to the personal property claimed under the Kennett chattel mortgage, recites :

"It is further adjudged and decreed by the court, that in case the said defendants, Clara Wagner and W. F. Wagner, fail for three days from this date to pay the said Homer Kennett the several sums of money found due as aforesaid to him, with the interest due and to become due thereon as aforesaid, and the costs of this action, an order issue to the sheriff of said county, commanding him to cause the chattels in his answer described, to wit : 65 cows and heifers two years old and over, 65 steers and heifers one year old this spring, five bulls one year old this spring, two old bulls, six head of geldings of various ages and colors, a mixed lot of hogs and pigs, otherwise described as all of the horses, mares, colts, cattle and hogs which were owned by John, Clara and W. F. Wagner, or either of them, on April 2, 1889, and all increase that may have accrued thereto, including a mare sired by 'Invincible,' now in possession of James Neel, also a stallion sired by 'Invincible,' two years old this spring, and all of the animals of the kind hereinbefore named which are now kept on or about the premises herein ordered sold, to be advertised and sold in the manner prescribed by law, and apply the proceeds arising from such sale to the payment of the judgment.  .  .  ."

Neither in the petition, nor in any finding of the court, is there any more particular or definite description of the personal property than that above quoted from the petition and journal entry. On the 26th day of May, 1891, an order of sale, directed to the sheriff of said county, was issued in said case, following the description of the personal property set out in the journal entry. By virtue of this order of sale, Wilber Scott, as sheriff of Cloud county, went to the farm which had been occupied by John Wagner in his life-

time, and took possession of 25 head of horses and colts which he found thereon, among them being the 10 head now claimed by George Wagner. On the trial of this case, George Wagner was found to be the owner of the 10 head of horses and colts, and judgment for their possession was rendered in his favor. The correctness of this judgment is attacked on two grounds : First, that it was determined by the judgment rendered in the Sanborn and Kennett cases that these horses were included in the Kennett chattel mortgage, and, therefore, that George Wagner is concluded thereby from further questioning that fact ; second, that the property was taken by the defendant, as sheriff, on an order issued on a judgment against the plaintiff, and, hence, that an action of replevin does not lie to retake the same.

I. The conclusiveness of a former decision or judgment upon any controverted matter is determined not merely by the form or nature of the action, but is largely dependent upon the issues presented or joined by the pleadings, and upon what facts, within such issues, were actually passed upon by the court. (*C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.*, 47 Kan. 766.) A judgment is coextensive with the issues upon which it is founded, and is only conclusive upon matters within those issues which were necessarily decided and involved in the judgment. (*Smith v. Auld*, 31 Kan. 262 ; *Hoisington v. Brakey*, 31 id. 560 ; *Hentig v. Redden*, 46 id. 231 ; *National Bank v. Peters*, 51 id. 62 ; *Aurora City v. West*, 7 Wall. 82 ; *Dickinson v. Hayes*, 31 Conn. 417.) When an action is founded upon a cause of action which necessarily requires the determination of the same general questions as that involved in a former action and judgment between the same parties, the former judgment is conclusive of all matters

actually litigated, or which might have been litigated, under the pleadings therein. (*Venable v. Dutch*, 37 Kan. 515; *Townsdin v. Shrader*, 39 id. 286; *Hentig v. Redden*, 46 id. 231.) As to a matter not shown by the record to have been necessarily considered and determined in a former action between the same parties, as when the causes of action are not the same, evidence *aliunde* the record may be introduced for the purpose of showing such previous determination; but an estoppel exists in that case only when such matter was within the issues, and was properly considered, in the former action. (*Bonvillain v. Bourg*, 16 La. Ann. 365; *Packet Co. v. Sickles*, 5 Wall. 580.) An estoppel cannot arise as to a controverted fact which is foreign to any issue tendered in a previous action, even though, under different pleadings in that action, the same fact could have been properly considered and determined. (*Hardy v. Mills*, 35 Wis. 141; *The People v. Johnson*, 38 N. Y. 63; *Malloney v. Horan*, 49 id. 111; *Duncan v. Holcomb*, 26 Ind. 378; *Bentley v. O'Bryan*, 111 Ill. 53.)

The petition of Kennett contained no allegation and suggested no issue which concerned George Wagner, except that with reference to the real estate. It expressly stated that the plaintiff made no claim to any horses except those belonging to the mortgagors at the time the mortgage was executed, and notified George Wagner that he was made a party to the action simply because of his interest in the real estate. It cannot be said that anything was admitted or determined in that action, by the default of George Wagner, beyond the truth of the allegations of the petition; and no inquiry could properly be made in that case, under the pleadings, as to any specific personal property owned or claimed by him. (*Wade*

*v. Miller*, 32 N. J. L. 296 ; *Lewis v. Smith*, 11 Barb. 152.)    It is not claimed that in the former case there was any actual inquiry into or determination of the title to these particular horses.    It may even be seriously questioned whether a judgment and execution as indefinite as those shown by the record in this case with reference to the personal property should not be held to be void.    A judgment or order of sale directed against specific property should end controversy and dispute as to the identity thereof by an accurate and definite description of what is claimed under it.    How, otherwise, is the officer to know with any certainty what property he should sell?  (*Struble v. Neighbert*, 41 Ind. 344 ; *Stout v. Cook*, 37 Ill. 283 ; *Gault v. Woodbridge*, 4 McLean, 329 ; *Taylor's Lessee v. Cozart*, 4 Humph. 433 ; *Porter v. Byrne*, 10 Ind. 146.)    The description of the property in the mortgage, as well as in all the subsequent proceedings, is so indefinite and uncertain that it would be extremely difficult for any one two years after the mortgage was given to know what property was actually included.    The description, so far as the mortgage was concerned, was, however, probably sufficient; for, by the aid of inquiries which it suggested, the particular property intended to be included could be ascertained with reasonable certainty.  (*Brown v. Holmes*, 13 Kan. 482 ; *Shaffer v. Pickrell*, 22 id. 619 ; *Waggoner v. Oursler*, 54 id. 141.)    But with the foreclosure of such a mortgage this uncertainty should end.    The plaintiff should allege in his petition with definiteness and certainty what particular property is included in the mortgage, and a definite description of the property found by the court to be so included should appear in the judgment.    Had Kennett alleged in the petition filed for the foreclosure of his mortgage that the par-

ticular horses now in controversy were claimed as included in the mortgage, and George Wagner had been duly notified thereof, the decision of the court in that action, upon that question, would have been conclusive between the parties in this case. We hold that the question of the ownership of the horses in controversy was not and could not have been, under the pleadings in the former action, determined, and that the defendant in error was not estopped from setting up and litigating his claim to the property in this case.

II. The other question presented we think must also be answered against the contention of plaintiff in error. While the defendant in error was a party to the action in which the order of sale was issued, the process by virtue of which the property was taken was not against him. It might as well be said, if, under the same order, the sheriff had levied upon property belonging to the Cloud County Bank, which was a party defendant because of its holding a second mortgage on the land, that the bank could not replevy its property from the officer. The order did not direct the sheriff to take or sell any property of George Wagner. There is no reason for giving the statute a meaning different from that clearly expressed by the language:

"That it was not taken in execution on any order or judgment *against said plaintiff*, . . . or by virtue of an order of delivery issued under this article, or any other mesne or final process issued *against said plaintiff*."

It is true, as stated by counsel for plaintiff in error, that the jury specially found that the property was taken under an order against plaintiff, and it is contended that this finding is conclusive upon this point. Not so. The record contains the order referred to, and

speaks for itself. While it appears to have been issued in an action in which George Wagner was a party, it clearly shows that it was not issued against him. It being conceded that the property was taken under this order, it is for the court, not the jury, to say against whom it was issued.

No question is raised as to the sufficiency of the evidence to prove ownership of the property, nor other errors assigned except those considered in this opinion.

The judgment will be affirmed.

All the Judges concurring.