## JOEL WINANS v. CLARA ROSECRANS.

### No. 272.*

RES JUDICATA—*Evidence—Record of Former Trial.* Where the defendant, to sustain his plea of *res judicata*, offers in evidence the entire record of a former trial between the parties to the present action, and such record shows affirmatively that the subject-matter of the latter controversy was not involved in the former action, *held*, not error for the trial court to reject the offered evidence.

Error from Crawford district court: J. S. WEST, judge. Opinion filed September 22, 1898. Affirmed.

*C. A. Cox*, for plaintiff in error.

*J. L. Denison*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : In this action the district court of Crawford county rendered judgment in favor of Clara

---

* Petition for order to certify denied by supreme court November 10, 1898.—REP.

Rosecrans, defendant in error, and against Joel Winans, plaintiff in error, in the sum of $1018.31. Winans seeks a reversal of the judgment, alleging error of the trial court in three particulars, as follows : In overruling a demurrer to the petition ; in refusing to allow the introduction of evidence offered by the defendant ; and in overruling defendant's motion for a new trial. The facts necessary to an understanding of the questions here presented. for decision are as follows : On and prior to March 1, 1887, L. Rosecrans and A. C. Post were partners in a bank at Erie, Kan., known as the City Bank of Erie. On that date Winans became a member of the firm. Shortly thereafter Rosecrans sold his interest to C. R. Watt. Watt retired from the firm in the latter part of December of that year, and thereafter the business was conducted by Post and Winans. In March, 1888, they removed their banking business from Erie to Moran, Kan., and the bank was there called the City Bank of Moran. On the 16th of the following May the firm was dissolved, Post retiring from the business and Winans continuing in charge thereof. On the 12th of December, 1887, the City Bank of Erie was indebted to L. Rosecrans in the sum of $2452.34, and on or about the 23d of April, 1888, the City Bank of Moran paid to Rosecrans on that indebtedness the sum of $1500. Before Winans became interested in the bank at Erie, Rosecrans and Post had purchased a note signed by S. W. Davis, who lived in the state of Louisiana. The collectibility of this note depended on a favorable decision of the United States supreme court in an action then pending. After the bank was removed to Moran, L. Rosecrans became a resident of the state of California. Before removing to that state he agreed with Winans

to leave, and did leave, on deposit in the bank the sum of $885.31, which was to become the property of the bank in the event that the Davis note could not be collected, that sum being equal to one-half of the amount of the note.

In March, 1889, Winans brought an action against Rosecrans to recover the sum of $7000, it being alleged that he had been induced by false representations to enter into the banking business with Rosecrans and Post, and that as the result of his connection with the bank Winans had suffered financial loss to the extent of the sum for which he sued. Subsequently Post was made a defendant in the action. Before the trial occurred Rosecrans died, and by proper revivor proceedings, Clara Rosecrans, his sole heir, became a party defendant. The testimony was taken by D. M. Kennedy, as referee. Two of the referee's findings are as follows :

"10. That at the time of the commencement of this action the said defendant, L. Rosecrans, was not indebted to the plaintiff, Joel Winans, in any sum whatever."

"15. I find as to the note termed the Louisiana note, that some time prior to the copartnership of Winans, Post & Rosecrans, the said City Bank purchased over its counter a certain note of $2000, with a credit of $1193.42, signed by S. W. Davis, of Louisiana ; that said note was carried as a bill receivable of said bank when the partnership of Winans, Post & Rosecrans was formed. I find further, that, owing to the fact that said note could not be collected until certain litigation then pending was settled and determined, when Mr. Rosecrans was questioned about the matter, he consented to and did leave in the bank the sum of $885.31 to pay his part of said note, in case said note should not be collected, and to secure said bank against his portion of the loss. I find that said note is still uncollected, and that the money so

left by said Rosecrans in said bank, for the purpose herein set forth, is still to his credit on the books of said bank.''

The journal entry of judgment, after setting out the report of the referee, reads :

"It is therefore considered and adjudged by the court, in consideration of said report of said referee, that said defendant, Clara Rosecrans, go hence without day, and recover of said plaintiff, Joel Winans, her costs in and about this suit in that behalf expended, taxed at $———; hereof let execution issue. It is further considered and adjudged by the court, that said plaintiff have and recover of and from the defendant A. C. Post the sum of $1000, together with his costs in that behalf expended.''

It further appears from the journal entry that the court confirmed the report of the referee. The Davis note was paid to Winans on December 30, 1890. The present action was brought by Clara Rosecrans to recover the sum referred to in finding No. 15, with interest from the date of the deposit. The defendant's principal plea was that the judgment in the former case was a bar to this action. The evidence offered in support of his answer was the entire record of the case of Winans against Rosecrans and Post. The court refused to admit such evidence.

Did the court err to the prejudice of the defendant below in rejecting the evidence offered by him? We think not. There was no former adjudication of the exact matter here in issue, and the evidence offered did not tend to prove such an adjudication. All matters connected with the partnership were adjudicated, and it is clear, from the findings made by the referee, the judgment of the court, and the evidence offered by the defendant below, that the deposit was regarded and treated in the former action as a matter outside

the partnership affairs. When the first action was tried the ultimate ownership of the deposit was not known, and, therefore, could not have been declared by the court. The disposition of that deposit was not within the issues of the case. The principle of law applicable here is well stated in the case of *Scott v. Wagner*, 2 Kan. App. 386, 42 Pac. 741, in which the first paragraph of the syllabus reads :

"A former judgment between the same parties cannot be held to be *res adjudicata* upon a matter controverted in a second action when the causes of action are not the same, and when it does not appear from the face of the record that such matter was determined in the former case nor that its determination was necessarily involved in the judgment."

A careful study of the entire record leads to the conclusion that no harmful error was committed by the district court in the trial of this case, and its judgment is therefore affirmed.