## John L. Oliver v. T. S. O. McDowell et al.

1.  **Attorney and Client**—*Confidential Communications Inadmissible.*—Where the relation of attorney and client exists between parties, communications between them relating to matters in litigation and connected with it are inadmissible and incompetent.

2.  **Admissions**—*Of an Assignor, When Competent.*—Declarations of an assignor against his interest in support of his assignment are competent evidence against those claiming under him; but declarations by him tending to overthrow the assignment or to give it a different meaning from that which appears on its face are not competent as against the assignee.

3.  **Chancery Practice**—*Presumptions in Favor of a Decree.*—When the question arises as to whether the competent evidence in the record is sufficient to sustain the decree, it will be presumed that the chancellor considered only such evidence as was proper under the issues.

4.  **Evidence**—*To Overcome a Conveyance Must Be Convincing.*—Where a conveyance is absolute on its face the proof to overcome it must be clear and convincing. Loose, indefinite and unsatisfactory evidence is not sufficient.

**Bill for Relief.**—Appeal from the Circuit Court of Livingston County; the Hon. John H. Moffett, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed January 24, 1902.

J. A. Brown, N. J. Pillsbury and H. P. Beach, attorneys for appellant.

R. R. Wallace, A. C. Norton and F. W. Winkler, attorneys for appellees.

Mr. Justice Higbee delivered the opinion of the court.

At the May term, 1892, of the Circuit Court of Livingston County, two of the heirs at law of Franklin Oliver, deceased, filed a bill in chancery against Lewis E. Payson et al., to set aside certain conveyances of real estate which had been made by said Oliver. The case went to the Supreme Court, where an opinion was rendered reversing the decree of the Circuit Court and remanding the cause, with directions to that court to enter a decree in conformity with the views expressed in said opinion. Ross v. Payson, 160 Ill. 349.

An accounting was afterward had in the Circuit Court in accordance with the directions of the Supreme Court and it was there determined that the share of John F. Oliver, who was then deceased, in the estate of said Franklin Oliver, was $1,060.60. One-half of this amount was due to John F. Oliver in his own right as an heir at law of Franklin Oliver, deceased, and the like sum was due to him by virtue of the will of his brother Owen Oliver, who died in August, 1893. This money being in the hands of the master for distribution, John L. Oliver filed an intervening petition claiming said fund by virtue of the following written instrument:

"I hereby assign to John L. Oliver all my right, title and interest in whatever may be due to me as a result of the litigation now pending between Lewis Payson and the heirs of Franklin Oliver, deceased, on the chancery side of the Circuit Court of Livingston County, Illinois, and authorize said John L. Oliver to receipt for all moneys or properties of any kind that may be due me as an heir of Franklin Oliver from L. E. Payson; it being the intention of this instrument to confer upon said John L. Oliver the same rights to act in connection with said property in every respect whatsoever, that I myself now possess.
(Signed) JOHN F. OLIVER.   [SEAL.]"

This instrument was acknowledged September 8, 1896, and filed for record in the office of the recorder of Livingston county, September 26, 1896. Kate Oliver, the widow of John F. Oliver, and his two minor children, filed an intervening petition, alleging that the assignment to John L. Oliver was made to indemnify the said John L. as surety on a note which he had signed with John F. Oliver; that said note was nearly all paid and the overplus should be paid to them. S. M. Barnes filed his intervening petition claiming a lien for $87.50 due him under a contract made by John F. Oliver with C. H. F. Carrithers, and assigned by Carrithers to said Barnes. Other parties filed their intervening petitions as judgment creditors of John F. Oliver, setting up their judgments and asking payment thereof out of said fund. The cause was referred to the master in chancery, who took the proofs and found that the

assignment was made by John F. to John L. Oliver to protect John L. against loss or damage by reason of his having become security for John F.; that the indebtedness to secure which the assignment was made had been fully paid and discharged; that afterward John F. and John L. Oliver attempted to continue the assignment in force, upon some understanding between them, to prevent the estate of John F. from becoming liable for the payment of certain debts and judgments then existing against him; and that John L. made no claim to the moneys received by John F. under the will of his brother Owen, amounting to $530.30. The master reported the names of the several judgment creditors and the amounts due them. He further found that said amounts should be paid out of the funds in the hands of the master, and the balance, after the payment of a certain portion of the costs, should be paid to Kate Oliver, the widow of John F. Oliver, deceased.

The master referred to the court the matter as to the judgment lien of appellee T. S. O. McDowell, because of his own possible personal interest therein, and appears not to have heard or passed upon the question of the claim of appellee S. M. Barnes. The court heard evidence concerning the claims of McDowell and Barnes and allowed them. It also approved the master's report, except that part which directed the payment of a portion of the moneys to Kate Oliver. The balance of the money in the hands of the master after the payment of said judgments, and the claim of said Barnes, were ordered to be paid to the administrator of the estate of John F. Oliver, when one should be appointed. From that decree John L. Oliver appeals, and appellees Kate Oliver, Kurtenbaugh, McDowell, McCarty, Norton and Barnes assign cross-errors. The cross-errors relate to the allowance of the claims of appellees F. M. Keplinger and Charles and David White, which it is alleged were allowed in error.

The reasons urged by appellant for reversal of the decree are substantially embraced in two propositions: First, that incompetent evidence was admitted on the part of

appellees; second, that the evidence failed to sustain the finding of the court, that the assignment made by John F. to John L. Oliver of the interest of the former as an heir at law of Franklin Oliver, deceased, in the suit then pending in the Circuit Court of Livingston County, was in the first instance made to protect John L. as surety for John F. Oliver, and was continued to protect the estate of John F. from judgments then existing against him.

Much of the evidence admitted on the part of appellees to sustain their theory of the object of the assignment was clearly incompetent. Ezra M. Prince was counsel for John L. Oliver, among others, in the Ross-Payson litigation above referred to. After the decision in the Supreme Court had been rendered, but while the matter was pending in the Circuit Court on an accounting, Prince went in the neighborhood where John L. resided to see a witness in regard to the accounting, and while there stayed at the house of John L. over night. He testified that John L. made certain statements to him about the object of the assignment made by John F. Oliver, contrary to the claim now made by John L., and that the latter asked the witness whether the court would protect his interest in the assignment. Witness answered the question and advised him what to do in regard to the matter. Counsel for appellant repeatedly objected to the questions asked this witness upon the ground that they called for confidential communications, but the master overruled the objections and testimony very injurious to appellant was thereupon given by the witness. At the time this conversation is claimed to have taken place, Prince was still attorney for appellant and the matter concerning which he was interrogated and upon which his advice was sought, was one growing out of and connected with the main suit. The confidential relation of attorney and client existed between them, and the testimony was clearly incompetent. People v. Barker, 56 Ill. 299; Thorp v. Goewey, 85 Ill. 611.

A. C. Norton was allowed to testify, over objections, to declarations made by John F. Oliver in the absence of

appellant, tending to show that the assignment was not an absolute assignment as it purported to be. This testimony was incompetent. Declarations made by John F. Oliver against his interest and in support of the instrument as it reads, would have been competent evidence against those claiming under him, but declarations by him, tending to overthrow the assignment or to give it a meaning different from that which appears on its face, were not competent against the grantee in the instrument. Bentley v. O'Bryan, 111 Ill. 53; Hart v. Randolph, 142 Ill. 521.

W. W. Sears testified he was present at a conversation between appellant and John F. Oliver in reference to this assignment. He stated he did not remember any of the language used by the parties or the substance thereof, but was permitted by the master, over repeated objections and sometimes in answer to extremely leading questions, objected to as such, to state the impressions and conclusions he drew from the conversation. This was improper and the answers which he gave were extremely injurious to appellant.

The question then arises whether the competent evidence in the record was sufficient to sustain the decree, as it will be presumed that the chancellor considered only such evidence as was proper under the issues. (Richardson v. Eveland, 126 Ill. 37; Ritter v. Schenk, 101 Ill. 387.) The written instrument was an absolute assignment from John F. Oliver to appellant, of the former's interest in the fund in question here. On April 4, 1899, a week before his death, John F. Oliver made an affidavit before the witness W. W. Sears, as notary public, stating that he had on September 6, 1896, assigned to appellant all his interest "in Oliver v. Payson litigation then pending in the Supreme Court of the State of Illinois." This solemn declaration made by John F. Oliver under oath, while he was on his death bed, shows that he understood the assignment to mean just what it purported to be. The affidavit made by John F. Oliver being a declaration against his interest and in support of his grant, was competent testimony against his widow and chil-

dren. It was also proper against his creditors, unless the competent proof showed a conspiracy between John L. and John F. Oliver to defeat the claims of the creditors by means of the assignment.

Where a conveyance is absolute on its face the proof to overcome it must be clear and convincing. Loose, indefinite and unsatisfactory evidence is not sufficient to defeat such instrument. Wilson v. McDowell, 78 Ill. 514; Bentley v. O'Bryan, *supra*.

Appellant swears that the assignment was made to him by John F. Oliver for a consideration of $700 and details the items going to make up that amount. Appellant's testimony is corroborated by that of Ellen Sealock, Revilo Oliver, O. E. Braddick and, in one particular, by David R. Beggs.

It is urged that appellant was not a competent witness, but the only objection made to his testimony was a general one and did not point out the particulars in which he was supposed to be incompetent. While he would not have been a competent witness as against the widow and heirs of John F. Oliver, concerning matters occurring before the latter's death, yet as against the judgment creditors to whom most of this fund is to go under the decree, he was clearly competent. Complaint is made that the master was interested in the result of the suit. He is indorser on one of the notes in judgment against John F. Oliver and is apparently liable to pay it, if it is not paid out of the fund in question. One of the claims which was allowed is for moneys expended by the master on a trip to California in the interest of John F. Oliver, under a contract which he, the master, had made with John F. Oliver, but assigned to another party who paid the master's expenses and was allowed therefor in the decree. Appellant, however, made no objection to the reference to the master and did not, on learning of his interest, ask to have the reference set aside. He is therefore not justified in now complaining. With the incompetent testimony above referred to excluded, we think it extremely questionable whether the decree can be

sustained.   The incompetent and competent testimony was so intermingled and woven together that we conclude that the cause should be again heard upon the competent testimony alone.

There was some evidence tending to show, that while the assignment in question was made after the death of Owen Oliver and apparently conveys all the interest which John F. had at the time the assignment was made, which would include both his own interest and that of his brother Owen, yet as a matter of fact he did not claim the half interest which he obtained by virtue of the will of Owen. The evidence upon this question, however, is not conclusive, and the matter can be fully investigated upon another trial.

The cross-errors assigned by certain of the appellees are to the effect that the decree ought not to have provided for the payment of the judgments of F. M. Ketlinger and Charles and David White, for the reason that these judgments were originally obtained before justices of the peace; that while transcripts had been filed in the Circuit Court no executions thereon had ever been issued from said court; that the judgments therefore ceased to be a lien upon real estate at the end of one year, and that the fund in question was derived from the sale of real estate.

As the case is to be remanded, additional facts may appear at the next hearing, affecting the rights of these creditors.   As the matter stands on the present record, however, it appears that they have lost their lien upon the land from which the fund was derived and can not be paid out of said fund, but should be left to resort to the estate of John F. Oliver when administered upon.

For the reasons above given the decree of the court below is reversed and the cause remanded for another trial.   Reversed and remanded.